FILED
LODGED
RECEIVED    MAIL 

JAN 0 5 1995

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                      DEPUTY

1  WILLIAM D. HYSLOP
2  H. E. STILES, II
3  LUKINS & ANNIS, P.S.
   1600 Washington Trust Financial Center
4  West 717 Sprague
5  Spokane, Washington 99204-0466
6  (509) 455-9555
7
8
9
10              UNITED STATES DISTRICT COURT
11           WESTERN DISTRICT OF WASHINGTON
12                      AT SEATTLE
13
14
15  ~~L.W.S., INC., d/b/a Bill's Pharmacy;~~
16  ~~A & H STORES, INC., d/b/a A & H~~          )
17  ~~Pharmacy #1, A & H Pharmacy #2,~~          )
    ~~A & H Pharmacy #3, A & H Pharmacy~~        )
18  ~~#4, A & H Pharmacy #6, and A & H~~         )   NO. C94-1767  DW
19  ~~Pharmacy #7; A.A.A. PRESCRIPTION~~         )
20  ~~SVC, INC., d/b/a Odell's Prescription~~    )
    ~~Pharmacy; ALLENMORE PHARMACY,~~            )
21  ~~INC., d/b/a Allenmore Pharmacy, Puget~~    )
22  ~~Sound Pharmacy, and Rainier Pharmacy;~~    )   FIRST AMENDED
23  ~~RICHARD D. ANDERSON, d/b/a~~               )   COMPLAINT ADDING
    ~~A & D Pharmacy; MICHAEL J.~~               )   ADDITIONAL PLAINTIFFS
24  ~~BAKULA, d/b/a Fabor Pharmacy;~~            )   AND DuPONT MERCK
25  ~~BATTLE GROUND PHARMACY, INC.;~~            )   PHARMACEUTICAL
26  ~~STANLEY A. BUDINKA, d/b/a Family~~         )   COMPANY AS DEFENDANT
    ~~Pharmacy of Auburn; BOWMAN DRUG~~          )
27  ~~PHARMACY, INC.; LOUIE~~                    )
28  ~~CALDWELL, d/b/a Tacoma Medical~~           )
29  ~~Center Pharmacy; CAPITOL~~                 )
30  ~~PHARMACY, INC.; CARSON DRUGS,~~            )
31

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 1

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

1  INC.; CASTLE ROCK PHARMACY,                 )
2  INC; CHEWELAH PHARMACY, INC.,               )
   d/b/a Plateau Pharmacy; CITY DRUG           )
3  CO., INC.; BILL CLARKE, d/b/a               )
4  Clarke's Drugs; WAYNE L. CLEMENS,           )
   d/b/a The Medicine Shoppe; GARY R.          )
5                                              )
6  CORNELL, d/b/a Cornell's Valley             )
   Pharmacy; COST PLUS                         )
7  PRESCRIPTIONS, INC., d/b/a Cost Plus        )
8  Prescription Stores I, II and III;          )
9  COUGHLIN ENTERPRISES, INC.,                 )
   d/b/a The Medicine Shoppe;                  )
10 COVINGTON PHARMACY, INC., d/b/a             )
11 Covington Pharmacy and Covington            )
12 Pharmacy at Meeker; D & R THOMAS,           )
   INC., d/b/a Moses Lake Clinic Pharmacy;     )
13 DANIELSON & HANSON, INC., d/b/a             )
14 Green & Jackson Drug and M & R Drug;        )
15 DICK'S PHARMACY, INC.; DONALD               )
16 F. DOWNING, d/b/a Capitol Square            )
   Pharmacy; MICHAEL J. DONOHUE,               )
17 d/b/a Bob Johnson's Pharmacy; DRIVE-        )
18 IN PHARMACY, INC.; DALE C.                  )
19 DUSKIN, d/b/a Arlington Pharmacy,           )
20 Cumulus Park Pharmacy, and QuilCeda         )
   Pharmacy; EDGEWOOD PHARMACY,                )
21 INC.; EFSCO PRESCRIPTIONS, INC.,            )
22 d/b/a Stowell's Puget Sound Pharmacy        )
23 and Stowell's Allenmore Pharmacy;           )
   FAIRWOOD PHARMACY, INC.;                    )
24 FAMILY DRUGSTORE, INC., d/b/a               )
25 Tieton Village Drug; FAMILY                 )
26 PHARMACY, INC.; FAULKNER'S                  )
   PHARMACY, INC.; FERNDALE                    )
27 PHARMACY, INC., d/b/a Ferndale Drug         )
28 Co.; FIFE DRUG, INC., d/b/a Fife            )
29 United Drug; FORSTROM                       )
30 PHARMACEUTICALS, LTD., d/b/a                )
31

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 2

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

| | |
|---|---|
| 1 | Central Drug & Gifts; GIBBONS )|
| 2 | PHARMACY, INC.; ARTHUR E. )|
| 3 | GODFREY, d/b/a Godfrey's Pharmacy; )|
| 4 | HALPIN'S, INC., d/b/a Halpin's )|
| 5 | Pharmacy; HERBISON'S PHARMACY, )|
| 6 | INC.; HOREN'S DRUGSTORE, INC.; )|
| | J & J PHARMACY, INC., d/b/a J & J )|
| 7 | Pharmacy and Johnson's Prescription )|

Central Drug & Gifts; GIBBONS
PHARMACY, INC.; ARTHUR E.
GODFREY, d/b/a Godfrey's Pharmacy;
HALPIN'S, INC., d/b/a Halpin's
Pharmacy; HERBISON'S PHARMACY,
INC.; HOREN'S DRUGSTORE, INC.;
J & J PHARMACY, INC., d/b/a J & J
Pharmacy and Johnson's Prescription
Pharmacy; JONES LOW PRICED
DRUGS, INC., d/b/a Jones Pharmacy I
and Jones Pharmacy II; K.K.& R., INC.,
d/b/a A & H Pharmacy, Family Center
Pharmacy, Heart Institute Pharmacy,
Miller & Felt Pharmacy, People's
Pharmacy #4, People's Pharmacy #6,
Professional Center Pharmacy, Shadle
Park Pharmacy, and South Center
Pharmacy; PAUL KAMINSKI, d/b/a
Darrington Pharmacy; BEVERLY ANN
KATTERMAN, d/b/a Katterman's Sand
Point Pharmacy; KELLEY-ROSS, INC.,
d/b/a Kelley-Ross Pharmacy; KEN'S
PHARMACY, INC., d/b/a Ken's
Pharmacy & Gifts; LOPEZ ISLAND
PHARMACY, INC.; BARRY D.
LAFFERTY, d/b/a Barry Lafferty's Rx
Pharmacy; LAKE HILLS DRUG, INC.;
LAKESIDE DRUG COMPANY, INC.;
LAKESIDE MERCER DRUG, INC.;
RICHARD J. LARSON, d/b/a Oroville
Pharmacy; LONGVIEW
APOTHECARIES, INC., d/b/a
Monticello Apothecary and Medical Arts
Apothecary; LOOKS MERCER ISLAND
PHARMACY, INC.; GERALD E. LUST,
d/b/a Gerry's Pharmacy; MARK–IT
PHARMACY, INC., d/b/a Medical
Center Pharmacy; MIKE GRAEFF'S

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 3

P4362EJA.HES-P010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

| | | |
|---|---|---|
| 1 | EASTSIDE DRUGS, INC., d/b/a Mike's | ) |
| 2 | Eastside Drugs; MEDI-SERV, INC., | ) |
| 3 | d/b/a Medical Service Pharmacy; | ) |
| | RANDY MENTZER, d/b/a RANDY'S | ) |
| 4 | PRESCRIPTION CENTER; MILL | ) |
| 5 | CREEK PHARMACY, INC.; | ) |
| 6 | DONALD W. MURRAY and | ) |
| 7 | DONALD N. ELLISTON, a partnership, | ) |
| | d/b/a Wenatchee Clinic Pharmacy; | ) |
| 8 | NEWPORT HILLS DRUGS, INC.; | ) |
| 9 | NICHOLSON'S PHARMACY, INC., | ) |
| 10 | d/b/a Bonney Lake Pharmacy and | ) |
| | Nicholson's Pharmacy; W. MARK | ) |
| 11 | NORRIS, d/b/a Beall's Pharmacy; | ) |
| 12 | NORTH PINES PHARMACY, INC., | ) |
| 13 | d/b/a The Medicine Shoppe; OLYMPIC | ) |
| 14 | DRUG, INC.; OLYMPIC DRUGS, INC.; | ) |
| 15 | OSTRANDER'S DRUG, INC.; | ) |
| | OTHELLO DRUG, INC., d/b/a Othello | ) |
| 16 | Rexall Drug Co.; PECKENPAUGH | ) |
| 17 | DRUG CO., INC.; PRESCRIPTIONS, | ) |
| | ETC., INC., d/b/a Bellegrove Pharmacy; | ) |
| 18 | PROFESSIONAL MALL PHARMACY, | ) |
| 19 | INC., d/b/a Professional Mall Pharmacy | ) |
| 20 | and Sid's Professional Pharmacy; | ) |
| | QUINCY DRUG CO., INC., d/b/a Call | ) |
| 21 | Drug; ROBERT and MARY | ) |
| 22 | REDMOND, d/b/a Valley Mission | ) |
| 23 | Homecare; RONALD ROFFLER, d/b/a | ) |
| | McCleary Pharmacy; SALLADAY'S | ) |
| 24 | STANDARD PHARMACY, INC.; MARK | ) |
| 25 | SALLANDER, d/b/a Mark's Pharmacy; | ) |
| 26 | SAV-ON DRUGS, INC.; 78TH STREET | ) |
| 27 | PHARMACY, INC., d/b/a Hall's | ) |
| | Pharmacy; SILVER LAKE PHARMACY, | ) |
| 28 | INC.; SKAGIT VALLEY MEDICAL | ) |
| 29 | CENTER PHARMACY, INC; | ) |
| 30 | DENNIS A. SMITH, d/b/a Apothecary | ) |
| 31 | | |

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 4

P4362EJA.HES-F010495

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

Shoppe Pharmacy; LLOYD D. SMITH,                    )
d/b/a Zillah Drug Store; SOUNDVIEW                  )
PHARMACY, INC.; STANDARD                            )
DRUG, INC.; GEORGE S. STIMAC,                       )
d/b/a Market Street Pharmacy; ADELE                 )
TAVIS, d/b/a Rochester Drug & Variety;              )
THE KOHOUT CO., d/b/a Kohout's                      )
Rose Hill Pharmacy and Lakeview                     )
Medical Pharmacy; TIDYMAN'S, INC.,                  )
d/b/a Tidyman's Pharmacy #7, Tidyman's              )
Pharmacy #10, Tidyman's Pharmacy #12,               )
and Tidyman's Pharmacy #15; WENG,                   )
INC., d/b/a Wayne's Rx Pharmacy;                    )
BRUCE L. WHERRY, d/b/a Barton's                     )
Center Pharmacy; WHIDBEY ISLAND                     )
DRUG CO., INC., d/b/a Island Drug;                  )
WIND RIVER PHARMACY, INC.;                          )
STUART J. ZIMMERMAN, d/b/a                          )
University Pharmacy; BOND                           )
ENTERPRISES, INC., d/b/a Olympic                    )
Pharmacy; BRAD-ROAD                                 )
CORPORATION d/b/a Medicine Chest                    )
Pharmacy; CAMMACK'S PHARMACY,                       )
INC., d/b/a Jim's Pharmacy and Home                 )
Health; CASCADE PHARMACY, INC.;                     )
WILLIAM R. COLEMAN, d/b/a Red                       )
Cross Drug Store; COLTON                            )
PHARMACIES, INC., d/b/a Colton                      )
Pharmacy (Morton, WA), Colton                       )
Pharmacy (Eatonville, WA), and Colton               )
Pharmacy (Winlock, WA); COST LESS                   )
PRESCRIPTIONS, INC.;  DAVENPORT                     )
PHARMACY, INC., d/b/a Davenport                     )
Pharmacy; RICHARD DAVIDSON,                         )
d/b/a Evergreen Drug Center; DEL                    )
PALACIO CORP. d/b/a Riverton Family                 )
Pharmacy; TIM DRISCOLL d/b/a Tekoa                  )
Pharmacy; GIG HARBOR PHARMACY,                      )

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 5

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

INC., d/b/a Gig Harbor Rexall; HALL'S
DRUG STORE, INC., d/b/a Hall's Drug
Center and Hall's Medical Center
Pharmacy; HARBOR DRUG, INC.; TOM
HUTTULA, d/b/a Elma Pharmacy;
ROBIN E. JOHANSEN, d/b/a Fairhaven
Pharmacy; MARK JOHNSON, d/b/a Tick
Klock Drug; K-C PHARMACY, INC.; K.
A. OLSEN, INC., d/b/a Olsen's Valu-Rite
Drug; KRELL APOTHECARY, INC.,
d/b/a North Campus Pharmacy;
LINCOLN COUNTY PHARMACY,
INC., d/b/a Lincoln County United Drug;
LUKE'S PHARMACY, INC.;
MANHATTAN PHARMACY, INC.;
MALCOLM T. MORRIS, d/b/a White
Center Pharmacy; MR. LUCKY
ENTERPRISES, INC., d/b/a Sidie
Pharmacy; BLAYNE V. MYHRE, d/b/a
White Cross Pharmacy; PROFESSIONAL
CENTER PHARMACY, INC.; SAUDER
AND SAUDER, INC., d/b/a Steve's
Clinic Pharmacy; CONNIE SHAFER,
d/b/a Fifth Avenue Prescription; STEVE
SHAW, d/b/a North Kitsap Medical
Center Pharmacy; PATRICK L.
SWANSON, d/b/a Swanson's Save-Rite
Pharmacy; TWIN HARBOR DRUG,
INC.; VASHON PHARMACY, INC.;
WILLAPA HARBOR PHARMACIES,
INC., d/b/a South Bend Pharmacy; and
WOODINVILLE MEDICAL CENTER
PHARMACY, INC.,

                    Plaintiffs,

        vs.

**FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 6**

P4362EJA.HES-F010495

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

| | |
|---|---|
| 1 | ABBOTT LABORATORIES;                      ) |
| 2 | AMERICAN CYANAMID COMPANY;                 ) |
| 3 | AMERICAN HOME PRODUCTS                     ) |
|   | CORPORATION; BOEHRINGER                    ) |
| 4 | INGELHEIM PHARMACEUTICALS,                 ) |
| 5 | INC.; BRISTOL-MYERS SQUIBB                 ) |
| 6 | COMPANY; BURROUGHS                         ) |
|   | WELLCOME CO.; CIBA-GEIGY                   ) |
| 7 | CORPORATION; THE DuPONT                    ) |
| 8 | MERCK PHARMACEUTICAL                       ) |
| 9 | COMPANY; ELI LILLY & COMPANY;              ) |
|   | FOREST LABORATORIES, INC.; G. D.          ) |
| 10 | SEARLE & COMPANY; GLAXO, INC.;            ) |
| 11 | HOFFMAN-LaROCHE, INC.; KNOLL              ) |
| 12 | PHARMACEUTICAL COMPANY;                   ) |
| 13 | JOHNSON & JOHNSON; MARION                 ) |
|   | MERRELL DOW, INC.; MERCK & CO.,           ) |
| 14 | INC.; PFIZER, INC.; PURDUE                ) |
| 15 | FREDERICK COMPANY; RHONE-                 ) |
| 16 | POULENC RORER                            ) |
|   | PHARMACEUTICALS, INC.; SANDOZ             ) |
| 17 | PHARMACEUTICAL CORP.;                     ) |
| 18 | SCHERING-PLOUGH CORPORATION;              ) |
| 19 | THE SCHERING CORPORATION;                 ) |
| 20 | SMITHKLINE BEECHAM                        ) |
|   | CORPORATION; THE UPJOHN                    ) |
| 21 | COMPANY; WARNER-LAMBERT                   ) |
| 22 | COMPANY; ZENECA, INC.; MEDCO              ) |
| 23 | CONTAINMENT SERVICES, INC.;               ) |
|   | CAREMARK, INC.; and J. C. PENNEY          ) |
| 24 | COMPANY, INC., d/b/a Express              ) |
| 25 | Pharmacy Services,                        ) |
| 26 |                                           ) |
| 27 |                  Defendants.              ) |
|   |                                           ) |
| 28 | |
| 29 | |
| 30 | |
| 31 | |

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 7

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

Plaintiffs, for their Complaint, aver upon personal knowledge as to their own acts and status and otherwise upon information and belief, as follows:

## I. **NATURE OF THIS ACTION**

1.     This action arises out of the pricing structure, and acts related to the imposition and maintenance of that structure, established by the defendant prescription drug manufacturers to market their prescription drug products.

2.     Plaintiffs are local drug stores and pharmacies who sell the defendant manufacturers' brand name prescription drugs to the public. More people obtain prescription drugs from drug stores and pharmacies than from any other source. Plaintiffs obtain the drugs they sell from defendant manufacturers directly and from those manufacturers' distributors or wholesalers.

3.     During recent decades, the defendant drug manufacturers have consistently made extraordinarily and excessively large profits from their prescription drug businesses. These defendants market their prescription drugs to drug stores and pharmacies, such as plaintiffs, at prices that are far above defendants' costs. The excessive prices charged by defendants to drug stores and pharmacies for their brand name products are a principal source of defendants' huge profits in recent decades.

4.     Because certain prescription drugs of one manufacturer compete with a prescription drug or drugs of another manufacturer or manufacturers, the high mark-ups that each manufacturer receives on its products depends in part on defendants' adherence to the price structure they have established.

5.     Although many millions of Americans depend on their local drug store or pharmacy as their sole or primary supplier of prescription drugs, there are today other competing ways in which consumers obtain prescription drugs--including from mail-order pharmacies and from outlets operated by Health Maintenance Organizations (or

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 8

P4362EJA.HES-F010495

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

"HMOs") and other health care providers (sometimes referred to herein collectively as "HMO pharmacies" or "HMO outlets").

6.    Defendants' prices for prescription drugs they sell to mail-order pharmacies and HMO outlets are substantially and discriminatorily less than the prices that defendants charge for the same prescription drugs marketed to drug stores and pharmacies. Mail-order pharmacies and HMO outlets are sometimes referred to as "Favored Purchasers" because of the discriminatorily favored treatment they receive from defendant manufacturers. The difference between the prices charged to Favored Purchasers and the prices charged to drug stores and pharmacies is not justified by any differences in cost or otherwise. Indeed, the drug store and pharmacy plaintiffs offer services to customers on which the mail-order pharmacies and HMO outlets free ride.

7.    Defendants' imposition and maintenance of their tiered pricing structure depends on their mutual adherence to that structure. In the absence of such mutual adherence it would not be in a manufacturer's interest to use such tiered prices, at least in their present extreme form. However, with defendants' mutual adherence to their tiered pricing structure, the structure permits defendants to charge drug stores and pharmacies prices substantially above competitive levels, and to increase profits thereby.

8.    Plaintiffs are harmed by defendants' discriminatory prices in several ways. For example, the prices paid by plaintiffs are higher than they would be in the absence of price discrimination; this increases plaintiffs' costs, reduces their profits, and limits their markets. In addition, because prices paid by competing mail-order pharmacies and HMO outlets are much lower than the prices paid by drug stores and pharmacies, plaintiffs are unable to compete effectively with those firms.

9.    The public is also harmed by defendants' discriminatory price structure. Consumers pay higher prices for drugs purchased locally than they would if defendants' prescription drugs were priced competitively. Consumers are also deprived of the com-

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 9
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

petition that would result if drugs stores and pharmacies were able to compete with mail-order pharmacies and HMO outlets on a level playing field.

10. This is a private antitrust action brought under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, alleging violations of the federal antitrust laws, specifically, Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, and Sections 2(a), (d), and (f) of the Robinson-Patman Act, and of the common law. The court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1367(a) and 15 U.S.C. §§ 2, 15, and 26.

11. Venue is proper in this judicial district pursuant to 15 U.S.C. §§ 15, 22, and 26, and 28 U.S.C. § 1391(b). Each of the defendants resides, transacts business, is found, and has agents in this district. A substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this district.

## II. **THE PARTIES**

A. **Plaintiffs**

12. Plaintiff 4 W'S, INC., d/b/a Bill's Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal business in Ephrata, Washington. Bill's Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

13. Plaintiff A & H STORES, INC., d/b/a A & H Pharmacy #1, A & H Pharmacy #2, A & H Pharmacy #3, A & H Pharmacy #4, A & H Pharmacy #6, and A & H Pharmacy #7, is a corporation organized and existing under the laws of the State of Washington, with its principal business in Auburn, Kent, Renton, and Seattle, Washington. A & H Pharmacy #1, A & H Pharmacy #2, A & H Pharmacy #3, A & H Pharmacy #4, A & H Pharmacy #6, and A & H Pharmacy #7 are local pharmacies which sell the defendant-manufacturers' brand name prescription drugs to the public.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 10
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

14.    Plaintiff AAA PRESCRIPTION SVC., INC., d/b/a Odell's Prescription Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Tacoma, Washington. Odell's Prescription Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

15.    Plaintiff ALLENMORE PHARMACY, INC., d/b/a Allenmore Pharmacy, Puget Sound Pharmacy, and Rainier Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Tacoma, Washington. Allenmore Pharmacy, Puget Sound Pharmacy, and Rainier Pharmacy are local pharmacies which sell the defendant-manufacturers' brand name prescription drugs to the public.

16.    Plaintiff RICHARD D. ANDERSON, d/b/a A & D Pharmacy, owns and operates a local pharmacy located in Tacoma, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

17.    Plaintiff MICHAEL J. BAKULA, d/b/a Failor Pharmacy, owns and operates a local pharmacy in Tacoma, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

18.    Plaintiff BATTLE GROUND PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Battle Ground, Washington. Battle Ground Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

19.    Plaintiff STANLEY C. BERDINKA, d/b/a Family Pharmacy of Auburn, owns and operates a local pharmacy in Auburn, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

20.    Plaintiff BROWN'S POINT PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 11
P4362EJA.HES-T010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

business in Tacoma, Washington.  Brown's Point Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

21.    Plaintiff LOUIS E. CALDWELL, d/b/a Tacoma Medical Center Pharmacy, owns and operates a local pharmacy in Tacoma, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

22.    Plaintiff CAPITOL PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Vancouver, Washington.  Capitol Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

23.    Plaintiff CARSON DRUGS, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Poulsbo, Washington.  Carson Drugs is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

24.    Plaintiff CASTLE ROCK PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Castle Rock, Washington.  Castle Rock Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

25.    Plaintiff CHEWELAH PHARMACY, INC., d/b/a Platters Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Spokane, Washington.  Platters Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

26.    Plaintiff CITY DRUG CO., INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Aberdeen, Washington.  City Drug Co. is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 12
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

27.     Plaintiff BILL CLARKE, d/b/a Clarke's Drugs, owns and operates a local pharmacy in Bremerton, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

28.     Plaintiff WAYNE L. CLEMENS, d/b/a The Medicine Shoppe, owns and operates a local pharmacy in Spokane, Washington, which sells the defendant-manu-facturers' brand name prescription drugs to the public.

29.     Plaintiff GARY R. CORNELL, d/b/a Cornell's Valley Pharmacy, owns and operates a local pharmacy in Renton, Washington, which sells the defendant-manu-facturers' brand name prescription drugs to the public.

30.     Plaintiff COST PLUS PRESCRIPTIONS, INC., d/b/a Cost Plus Prescrip-tion Stores I, II and III, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Tacoma, Washington. Cost Plus Prescription Stores I, II, and III are local pharmacies which sell the defendant-manufacturers' brand name prescription drugs to the public.

31.     Plaintiff COUGHLIN ENTERPRISES, INC., d/b/a The Medicine Shoppe, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Vancouver, Washington. The Medicine Shoppe is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

32.     Plaintiff COVINGTON PHARMACY, INC., d/b/a Covington Pharmacy at Meeker and Covington Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal places of business in Kent, Washington. Covington Pharmacy at Meeker and Covington Pharmacy are local pharmacies which sell the defendant-manufacturers' brand name prescriptions drugs to the public.

33.     Plaintiff D & R THOMAS, INC., d/b/a Moses Lake Clinic Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 13

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

principal place of business in Moses Lake, Washington. Moses Lake Clinic Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

34.     Plaintiff DANIELSON & HANSON, INC., d/b/a Green & Jackson Drug and M & R Drug, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Walla Walla, Washington. Green & Jackson Drug and M & R Drug are local pharmacies which sell the defendant-manufacturers' brand name prescription drugs to the public.

35.     Plaintiff DICK'S PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Bellevue, Washington. Dick's Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

36.     Plaintiff MICHAEL J. DONOHUE, d/b/a Bob Johnson's Pharmacy, owns and operates a local pharmacy in Seattle, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

37.     Plaintiff DONALD F. DOWNING, d/b/a Capitol Square Pharmacy, owns and operates a local pharmacy in Federal Way, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

38.     Plaintiff DRIVE-IN PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Port Angeles, Washington. Drive–In Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

39.     Plaintiff DALE C. DUSKIN, d/b/a Arlington Pharmacy, Cumulus Park Pharmacy, and QuilCeda Pharmacy, owns and operates local pharmacies in Arlington and Marysville, Washington, which sell the defendant-manufacturers' brand name prescription drugs to the public.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 14

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

40.     Plaintiff EDGEWOOD PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Milton, Washington. Edgewood Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

41.     Plaintiff EFSCO PRESCRIPTIONS, INC., d/b/a Stowell's Puget Sound Pharmacy and Stowell's Allenmore Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Tacoma, Washington. Stowell's Puget Sound Pharmacy and Stowell's Allenmore Pharmacy are local pharmacies which sell the defendant-manufacturers' brand name prescription drugs to the public.

42.     Plaintiff FAIRWOOD PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Renton, Washington. Fairwood Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

43.     Plaintiff FAMILY DRUGSTORE, INC., d/b/a Tieton Village Drug, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Yakima, Washington. Tieton Village Drug is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

44.     Plaintiff FAMILY PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Federal Way, Washington. Family Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

45.     Plaintiff FAULKNER'S PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of busi-

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 15
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

ness in Everett, Washington. Faulkner's Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

46.     Plaintiff FERNDALE PHARMACY, INC., d/b/a Ferndale Drug Co., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Ferndale, Washington. Ferndale Drug Co. is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

47.     Plaintiff FIFE DRUG, INC., d/b/a Fife United Drug, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Fife, Washington. Fife United Drug is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

48.     Plaintiff FORSTROM PHARMACEUTICALS, LTD., d/b/a Central Drug & Gifts, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Aberdeen, Washington. Central Drug & Gifts is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

49.     Plaintiff GIBBONS PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Toppenish, Washington. Gibbons Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

50.     Plaintiff ARTHUR E. GODFREY, d/b/a Godfrey's Pharmacy, owns and operates a local pharmacy in Kalama, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

51.     Plaintiff HALPIN'S, INC., d/b/a Halpin's Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 16
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

of business in Spokane, Washington. Halpin's Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

52.    Plaintiff HERBISON'S PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Spokane, Washington. Herbison's Pharmacy is a pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

53.    Plaintiff HOREN'S DRUGSTORE, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Burlington, Washington. Horen's Drugstore is a pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

54.    Plaintiff J & J PHARMACY, INC., d/b/a J & J Pharmacy and Johnson's Prescription Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Edmonds, Washington. J & J Pharmacy and Johnson's Prescription Pharmacy are local pharmacies which sell the defendant-manufacturers' brand name prescription drugs to the public.

55.    Plaintiff JONES LOW PRICED DRUGS, INC., d/b/a Jones Pharmacy I and Jones Pharmacy II, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Spokane, Washington. Jones Pharmacy I and Jones Pharmacy II are local pharmacies which sell the defendant-manufacturers' brand name prescription drugs to the public.

56.    Plaintiff K.K.& R., INC., d/b/a A & H Pharmacy, Family Center Pharmacy, Heart Institute Pharmacy, Miller & Felt Pharmacy, People's Pharmacy #4, People's Pharmacy #6, Professional Center Pharmacy, Shadle Park Pharmacy, and South Center Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Spokane, Washington. A & H Pharmacy, Family Center Pharmacy, Heart Institute Pharmacy, Miller & Felt Pharmacy,

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

People's Pharmacy #4, People's Pharmacy #6, Professional Center Pharmacy, Shadle Park Pharmacy, and South Center Pharmacy are local pharmacies which sell the defendant-manufacturers' brand name prescription drugs to the public.

57.    Plaintiff PAUL KAMINSKI, d/b/a Darrington Pharmacy, owns and operates a local pharmacy in Darrington, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

58.    Plaintiff BEVERLY ANN KATTERMAN, d/b/a Katterman's Sand Point Pharmacy, owns and operates a local pharmacy in Seattle, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

59.    Plaintiff KELLEY-ROSS, INC., d/b/a Kelley-Ross Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Seattle, Washington. Kelley-Ross Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

60.    Plaintiff KEN'S PHARMACY, INC., d/b/a Ken's Pharmacy & Gifts, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Wenatchee, Washington. Ken's Pharmacy & Gifts is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

61.    Plaintiff LOPEZ ISLAND PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Lopez Island, Washington. Lopez Island Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

62.    Plaintiff BARRY D. LAFFERTY, d/b/a Barry Lafferty's Rx Pharmacy, owns and operates a local pharmacy in Seattle, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 18
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

63.     Plaintiff LAKE HILLS DRUG, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Bellevue, Washington.  Lake Hills Drug is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

64.     Plaintiff LAKESIDE DRUG COMPANY, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Redmond, Washington.  Lakeside Drug is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

65.     Plaintiff LAKESIDE MERCER DRUG, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Mercer Island, Washington.  Lakeside Mercer Drug is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

66.     Plaintiff RICHARD J. LARSON, d/b/a Oroville Pharmacy, owns and operates a local pharmacy in Oroville, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

67.     Plaintiff LONGVIEW APOTHECARIES, INC., d/b/a Monticello Apothecary and Medical Arts Apothecary, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Longview, Washington.  Monticello Apothecary and Medical Arts Apothecary are local pharmacies which sell the defendant-manufacturers' brand name prescription drugs to the public.

68.     Plaintiff LOOKS MERCER ISLAND PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Mercer Island, Washington.  Mercer Island Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

69.    Plaintiff GERALD E. LUST, d/b/a Gerry's Pharmacy, owns and operates a local pharmacy in Auburn, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

70.    Plaintiff MARK–IT PHARMACY, INC., d/b/a Medical Center Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Olympia, Washington. Medical Center Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

71.    Plaintiff MIKE GRAEFF'S EASTSIDE DRUGS, INC., d/b/a Mike's Eastside Drugs, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Vancouver, Washington. Mike's Eastside Drugs is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

72.    Plaintiff MEDI-SERV, INC., d/b/a Medical Service Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Seattle, Washington. Medical Service Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

73.    Plaintiff RANDY MENTZER, d/b/a Randy's Prescription Center, a partnership, owns and operates a local pharmacy in Olympia, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

74.    Plaintiff MILL CREEK PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Mill Creek, Washington. Mill Creek Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 20
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

75.     Plaintiffs DONALD W. MURRAY and DONALD N. ELLISTON, a partnership, d/b/a Wenatchee Clinic Pharmacy, own and operate a local pharmacy in Wenatchee, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

76.     Plaintiff NEWPORT HILLS DRUGS, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Bellevue, Washington.  Newport Hills Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

77.     Plaintiff NICHOLSON'S PHARMACY, INC., d/b/a Nicholson's Pharmacy and Bonney Lake Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Sumner, Washington, and Bonney Lake, Washington.  Nicholson's Pharmacy and Bonney Lake Pharmacy are local pharmacies which sell the defendant-manufacturers' brand name prescription drugs to the public.

78.     Plaintiff W. MARK NORRIS d/b/a Beall's Pharmacy, owns and operates a local pharmacy in Puyallup, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

79.     Plaintiff NORTH PINES PHARMACY, INC., d/b/a The Medicine Shoppe, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Spokane, Washington.  The Medicine Shoppe is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

80.     Plaintiff OLYMPIC DRUG, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Longview, Washington.  Olympic Drug is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 21
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

81.   Plaintiff OLYMPIC DRUGS, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Centralia, Washington.  Olympic Drugs is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

82.   Plaintiff OSTRANDER'S DRUG, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Ellensburg, Washington.  Ostrander's Drug is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

83.   Plaintiff OTHELLO DRUG, INC., d/b/a Othello Rexall Drug Co., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Othello, Washington.  Othello Rexall Drug Co. is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

84.   Plaintiff PECKENPAUGH DRUG CO., INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Auburn, Washington.  Peckenpaugh Drug Co. is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

85.   Plaintiff PRESCRIPTIONS, ETC., INC., d/b/a Bellegrove Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Bellevue, Washington.  Bellegrove Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

86.   Plaintiff PROFESSIONAL MALL PHARMACY, INC., d/b/a Professional Mall Pharmacy and Sid's Professional Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Pullman, Washington.  Professional Mall Pharmacy and Sid's Professional Pharmacy are

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 22

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

local pharmacies which sell the defendant-manufacturers' brand name prescription drugs to the public.

87.     Plaintiff QUINCY DRUG CO., INC., d/b/a Call Drug, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Quincy, Washington.  Call Drug is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

88.     Plaintiffs ROBERT and MARY REDMOND, d/b/a Valley Mission Homecare, own and operate a local pharmacy in Spokane, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

89.     Plaintiff RONALD ROFFLER, d/b/a McCleary Pharmacy, owns and operates a local pharmacy in McCleary, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

90.     Plaintiff SALLADAY'S STANDARD PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Seattle, Washington.  Salladay's Standard Pharmacy is a pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

91.     Plaintiff MARK SALLANDER, d/b/a Mark's Pharmacy, is owns and operates a local pharmacy in Sumner, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

92.     Plaintiff SAV–ON DRUGS, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Tacoma, Washington.  Sav–On Drugs is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

93.     Plaintiff 78th STREET PHARMACY, INC., d/b/a Hall's Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Vancouver, Washington.  Hall's Pharmacy is a local phar-

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 23

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

macy which sells the defendant-manufacturers' brand name prescription drugs to the public.

94.     Plaintiff SILVER LAKE PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Everett, Washington.  Silver Lake Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

95.     Plaintiff SKAGIT VALLEY MEDICAL CENTER PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Mt. Vernon, Washington.  Skagit Valley Medical Center Pharmacy, Inc., is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

96.     Plaintiff DENNIS A. SMITH, d/b/a Apothecary Shoppe Pharmacy, owns and operates a local pharmacy in Bremerton, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

97.     Plaintiff LLOYD D. SMITH, d/b/a Zillah Drug Store, owns and operates a local pharmacy in Zillah, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

98.     Plaintiff SOUNDVIEW PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Tacoma, Washington.  Soundview Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

99.     Plaintiff STANDARD DRUG, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Spokane, Washington.  Standard Drug is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 24

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

100.   Plaintiff GEORGE S. STIMAC, d/b/a Market Street Pharmacy, owns and operates a local pharmacy in Seattle, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

101.   Plaintiff ADELE TAVIS, d/b/a Rochester Drug & Variety, owns and operates a local pharmacy in Rochester, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

102.   Plaintiff THE KOHOUT CO., d/b/a Kohout's Rose Hill Pharmacy and Lakeview Medical Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Kirkland, Washington. Kohout's Rose Hill Pharmacy and Lakeview Medical Pharmacy are local pharmacies which sell the defendant-manufacturers' brand name prescription drugs to the public.

103.   Plaintiff TIDYMAN'S, INC., d/b/a Tidyman's Pharmacy #7, Tidyman's Pharmacy #10, Tidyman's Pharmacy #12, and Tidyman's Pharmacy #15, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Greenacres, Washington. Tidyman's Pharmacy #7 (Coeur d'Alene, Idaho), Tidyman's Pharmacy #10 (Kallispell, Montana), Tidyman's Pharmacy #12 (Post Falls, Idaho), and Tidyman's Pharmacy #15 (Moscow, Idaho) are local pharmacies which sell the defendant-manufacturers' brand name prescription drugs to the public.

104.   Plaintiff WENG, INC., d/b/a Wayne's Rx Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Tacoma, Washington. Wayne's Rx Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

105.   Plaintiff BRUCE L. WHERRY, d/b/a Barton's Center Pharmacy, owns and operates a local pharmacy in Yakima, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 25
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

106.   Plaintiff WHIDBEY ISLAND DRUG CO., INC., d/b/a Island Drug, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Oak Harbor, Washington.  Island Drug is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

107.   Plaintiff WIND RIVER PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Stevenson, Washington.  Wind River Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

108.   Plaintiff STUART J. ZIMMERMAN, d/b/a University Pharmacy, owns and operates a local pharmacy in Spokane, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

109.   Plaintiff BOND ENTERPRISES, INC., d/b/a Olympic Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Gig Harbor, Washington.  Olympic Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

110.   Plaintiff BRAD-ROAD CORPORATION, d/b/a Medicine Chest Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Bremerton, Washington.  Medicine Chest Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

111.   Plaintiff CAMMACK'S PHARMACY, INC., d/b/a Jim's Pharmacy and Home Health, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Port Angeles, Washington.  Jim's Pharmacy and Home Health is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 26

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

112.   Plaintiff CASCADE PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Renton, Washington.  Cascade Pharmacy, Inc., is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

113.   Plaintiff WILLIAM R. COLEMAN, d/b/a Red Cross Drugs Store, owns and operates a local pharmacy in Wapato, Washington, which sells the defendant-manu-facturers' brand name prescription drugs to the public.

114.   Plaintiff COLTON PHARMACIES, INC., d/b/a Colton Pharmacy (Morton, WA), Colton Pharmacy (Eatonville, WA), and Colton Pharmacy (Winlock, WA) is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Morton, Washington.  Colton Pharmacy (Morton, WA), Colton Pharmacy (Eatonville, WA), and Colton Pharmacy (Winlock, WA) are local pharmacies which sell the defendant-manufacturers' brand name prescription drugs to the public.

115.   Plaintiff COST LESS PRESCRIPTIONS, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of busi-ness in Tacoma, Washington.  Cost Less Prescriptions, Inc., owns and operates a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

116.   Plaintiff DAVENPORT PHARMACY, INC., d/b/a Davenport Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Davenport, Washington.  Davenport Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 27
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

117.    Plaintiff RICHARD DAVIDSON, d/b/a Evergreen Drug Center, owns and operates a local pharmacy in Shelton, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

118.    Plaintiff DEL PALACIO CORP., d/b/a Riverton Family Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Tukwila, Washington.  Riverton Family Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

119.    Plaintiff TIM DRISCOLL, d/b/a Tekoa Pharmacy, owns and operates a local pharmacy in Tekoa, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

120.    Plaintiff GIG HARBOR PHARMACY, INC., d/b/a Gig Harbor Rexall, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Gig Harbor, Washington.  Gig Harbor Rexall is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

121.    Plaintiff HALL'S DRUG STORE, INC., d/b/a Hall's Drug Center and Hall's Medical Center Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Centralia, Washington. Hall's Drug Center and Hall's Medical Center Pharmacy are local pharmacies which sell the defendant-manufacturers' brand name prescription drugs to the public.

122.    Plaintiff HARBOR DRUG, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Hoquiam, Washington.  Harbor Drug, Inc., is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 28
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

123.   Plaintiff TOM HUTTULA, d/b/a Elma Pharmacy, owns and operates a local pharmacy in Elma, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

124.   Plaintiff ROBIN E. JOHANSEN, d/b/a Fairhaven Pharmacy, owns and operates a local pharmacy in Bellingham, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

125.   Plaintiff MARK JOHNSON, d/b/a Tick Klock Drug, owns and operates a local pharmacy in Colfax, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

126.   Plaintiff K-C PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Goldendale, Washington.  K-C PHARMACY, INC., is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

127.   Plaintiff K. A. OLSEN, INC., d/b/a Olsen's Valu-Rite Drug, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Seattle, Washington.  Olsen's Valu-Rite Drug is a pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

128.   Plaintiff KRELL APOTHECARY, INC., d/b/a North Campus Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Bellingham, Washington.  North Campus Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

129.   Plaintiff LINCOLN COUNTY PHARMACY, INC., d/b/a Lincoln County United Drug, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Davenport, Washington.  Lincoln

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 29
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

County United Drug is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

130.    Plaintiff LUKE'S PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Seattle, Washington.  Luke's Pharmacy, Inc., is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

131.    Plaintiff MANHATTAN PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Seattle, Washington.  Manhattan Pharmacy, Inc., is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

132.    Plaintiff MALCOLM T. MORRIS, d/b/a White Center Pharmacy, owns and operates a local pharmacy in Seattle, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

133.    Plaintiff MR. LUCKY ENTERPRISES, INC., d/b/a Sidie Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Bothell, Washington.  Sidie Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

134.    Plaintiff BLAYNE V. MYHRE, d/b/a White Cross Pharmacy, owns and operates a local pharmacy in Longview, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

135.    Plaintiff PROFESSIONAL CENTER PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Federal Way, Washington.  Professional Center Pharmacy, Inc., is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 30

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

136.   Plaintiff SAUDER AND SAUDER, INC., d/b/a Steve's Clinic Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Seattle, Washington.  Steve's Clinic Pharmacy is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

137.   Plaintiff CONNIE SHAFER, d/b/a Fifth Avenue Prescription, owns and operates a local pharmacy in Seattle, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

138.   Plaintiff STEVE SHAW, d/b/a North Kitsap Medical Center Pharmacy, owns and operates a local pharmacy in Poulsbo, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

139.   Plaintiff PATRICK L. SWANSON, d/b/a Swanson's Save-Rite Pharmacy, owns and operates a local pharmacy in Bremerton, Washington, which sells the defendant-manufacturers' brand name prescription drugs to the public.

140.   Plaintiff TWIN HARBOR DRUG, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Westport, Washington.  Twin Harbor Drug, Inc., is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

141.   Plaintiff VASHON PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Vashon, Washington.  Vashon Pharmacy, Inc., is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

142.   Plaintiff WILLAPA HARBOR PHARMACIES, INC., d/b/a South Bend Pharmacy, is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in South Bend, Washington.  South Bend Pharmacy is a pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

143.   Plaintiff WOODINVILLE MEDICAL CENTER PHARMACY, INC., is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Woodinville, Washington.  Woodinville Medical Center Pharmacy, Inc., is a local pharmacy which sells the defendant-manufacturers' brand name prescription drugs to the public.

**B.     Defendants**

144.   Defendant ABBOTT LABORATORIES ("Abbott") is an Illinois corporation with its principal place of business in Abbott Park, Illinois.  During the time period covered by this Complaint, Abbott engaged in the business of manufacturing and marketing brand name prescription drugs throughout the United States including, but not limited to, Biaxin, Depakote, Depakene, EES, Enduron, Hytrin, K-Lor, K-Tab, PCE, Tranxene, Maxide, Rheumatrex, and Methotrexate.

145.   Defendant AMERICAN CYANAMID COMPANY ("American Cyanamid") is a Maine corporation with its principal place of business in Wayne, New Jersey. During the period covered by this Complaint, American Cyanamid engaged in the business of manufacturing and marketing brand name prescription drugs throughout the United States, including, but not limited to, Maxzide, Minocin, Prostep, Rheumatrex Methotrexate, and Verelan.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 32
P4362EJA.HES-F010495

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

146.   Defendant AMERICAN HOME PRODUCTS CORPORATION ("American Home") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Madison, New Jersey.  American Home is the manufacturer of numerous brand name prescription drugs, including but not limited to, the drugs Advil Suspension, Ativan Tablets, Aygestin, Cordarone Tablets, Dimetane DC, Dimetane DX, Grisactin Capsules, Grisactin Tablets, Grisactin Ultra, Inderal, Isordil, Lo/Ovral, Lodine, Micro-K, Mysoloine, Nordette, Norplant System, Orudis, Premarin, Phenergan, Premarin, Quinidex, Reglan, Sectral, Stuartnatal, Surmontil, Tenex, Triphasil, Wygesic, and Wytensin.  American Home sells these and other drugs throughout the United States, including in this judicial district.

147.   Defendant BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. ("Boehringer"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Ridgefield, Connecticut.  During the period covered by this Complaint, defendant Boehringer engaged in the business of manufacturing and marketing brand name prescription drugs throughout the United States including, but not limited to, Alupent, Mexitil, Catapres, Desyrel, and Persantine.

148.   Defendant BRISTOL-MYERS SQUIBB COMPANY ("Bristol-Myers") is a Delaware corporation with its principal place of business in New York, New York.  During the period covered by this Complaint, defendant Bristol-Myers engaged in the business of manufacturing and marketing brand name prescription drugs throughout the United States, including, but not limited to, Capoten, Corgard, Questran, Pravachol, Cefzil, Duricef, Buspar, Desyrel, Ovcon, Estrace, and K-Lyte.

149.   Defendant BURROUGHS WELLCOME CO. ("Burroughs"), a subsidiary of The Wellcome Foundation, Ltd., is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business at Research Triangle Park, North Carolina.  During the time period covered by this Complaint, Bur-

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 33

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

roughs engaged in the business of manufacturing and marketing brand name prescription drugs throughout the United States, including, but not limited to, Imuran, Lanoxin, Retrovir, Wellbutrin, and Zovirax.

150.  Defendant **CIBA-GEIGY CORPORATION** ("Ciba-Geigy") is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Ardsley, New York.  Ciba-Geigy is the manufacturer of numerous brand name prescription drugs, including, but not limited to, the drugs Anafranil, Brethaire, Brethine, Estraderm, Habitrol Patch, Lioresal, Lotensin, Ludiomil, Rimactane, Ritalin, Ser–Ap–Es, Slow–K, Tegretol, Ten–K, Transderm-Nitro, Tofranil, and Voltaren. Ciba-Geigy sells these and other drugs throughout the United States, including in this judicial district.

151.  Defendant **THE DuPONT MERCK PHARMACEUTICAL COMPANY** ("DuPont Merck") is a 50/50 joint venture between E. I. Du Pont de Nemours & Co. and Calgon Vestal Laboratories, Inc., a wholly owned subsidiary of Defendant Merck & Co., Inc., with its principal place of business in Wilmington, Delaware.  During the time period covered by this Complaint, DuPont Merck engaged in the business of manufacturing and marketing brand-name prescription drugs throughout the United States, including but not limited to the drugs Coumadin, Sinemet, and Percocet.

152.  Defendant **ELI LILLY & COMPANY** ("Lilly") is an Indiana corporation with its principal place of business in Indianapolis, Indiana.  During the time period covered by this Complaint, Lilly engaged in the business of manufacturing and marketing brand name prescription drugs throughout the United States, including, but not limited to, the drugs Axid, Ceclor, Darvocet, Humulin, Iletin, Keflex, and Prozac.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 34

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

153.   Defendant FOREST LABORATORIES, INC. ("Forest"), is a Delaware corporation with its principal place of business in New York, New York.  During the time period covered by this Complaint, Forest engaged in the business of manufacturing and marketing brand name prescription drugs throughout the United States, including, but not limited to, the drugs Aerobid, Armour Thyroid, Tessalon Perles, Esgic, Elixophyllin, Aygestin, Corden Tos, and Orndix.

154.   Defendant G. D. SEARLE & COMPANY ("Searle") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Skokie, Illinois.  Searle is the manufacturer of numerous brand name pre-scription drugs, including, but not limited to, the drugs Aldactazide, Aldactone, Calan, Calan SR, Cytotec, Kerlone, and Nitrodisc.  Searle sells these and other drugs through-out the United States, including in this judicial district.

155.   Defendant GLAXO, INC. ("Glaxo"), is a corporation organized and exist-ing under the laws of the State of North Carolina, with its principal place of business in Research Triangle Park, North Carolina.  Glaxo is the manufacturer and/or marketer of numerous brand name prescription drugs, including, but not limited to, the drugs Aclo-vate, Beclovant, Beconase, Beconase AQ, Ceftin, Cutivate, Imitrex, Oxistat, Temovate, Trandate, Ventolin, and Zantac.  Glaxo sells these and other drugs throughout the United States, including in this judicial district.

156.   Defendant HOFFMAN-LaROCHE, INC. ("Hoffmann"), is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Nutley, New Jersey.  Hoffmann is the manufacturer of numerous brand name prescription drugs, including, but not limited to, the drugs Bactrim, Librax, and Valium.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 35
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

157.    Defendant KNOLL PHARMACEUTICAL COMPANY ("Knoll") is a New Jersey corporation with its principal place of business in Whippany, New Jersey. During the time period covered by the Complaint, Knoll engaged in the business of manufacturing and marketing brand name prescription drugs throughout the United States, including, but not limited to, the drugs Istoptin and Vicodin.

158.    Defendant JOHNSON & JOHNSON ("J & J") is a New Jersey corporation with its principal place of business in New Brunswick, New Jersey. During the time period covered by this Complaint, J & J engaged in the business of manufacturing and marketing brand name prescription drugs throughout the United States, including, but not limited to the drugs Duragesic, Floxin, Haldol, Hismanal, Nizoral, Ortho Novum, Retin-A, Terazol, and Tylenol with Codeine.

159.    Defendant MARION MERRELL DOW, INC. ("MMD"), is a Delaware corporation with its principal place of business in Midland, Michigan. During the time period covered by this Complaint, MMD engaged in the business of manufacturing and marketing brand name prescription drugs throughout the United States, including, but not limited to, Carafate, Cardizem, Nicoderm and Seldane.

160.    Defendant MERCK & CO., INC. ("Merck"), is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in Whitehouse Station, New Jersey. During the time period covered by this Complaint, Merck engaged in the business of manufacturing and marketing brand name prescription drugs throughout the United States including, but not limited to, Aldomet, Clinoril, Dolobid, Indocin, Flexeril, Mevacor, Triavil, Tonocard, Pepcid, Prilosec, Prinivil, Vaseretic, Vasotec, Timoptic, and Zocor.

161.    Defendant PFIZER, INC. ("Pfizer"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York. Pfizer is the manufacturer of numerous brand name prescription

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 36

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

drugs, including, but not limited to, the drugs Diabinese, Glucotrol, Procardia, Vibra-mycin, and Vistaril.  Pfizer sells these and other drugs throughout the United States, including in this judicial district.

162.   Defendant **PURDUE FREDERICK COMPANY** ("Purdue-Frederick") is a New York corporation with its principal place of business in Norwalk, Connecticut.  During the time period covered by this Complaint, Purdue-Frederick engaged in the business of manufacturing and marketing brand name prescription drugs throughout the United States, including, but not limited to MS Contin, Uniphyl, and Trilisate.

163.   Defendant **RHONE-POULENC RORER PHARMACEUTICALS, INC.** ("Rhone-Poulenc"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Collegeville, Pennsylvania.  During the time period covered by this Complaint, Rhone-Poulenc engaged in the business of manu-facturing and marketing brand name prescription drugs throughout the United States, including, but not limited to, Azmacort, DDAVP, Lozol, Nasacort, and Slo-Bid.

164.   Defendant **SANDOZ PHARMACEUTICAL CORP.** ("Sandoz") is a New York corporation with its principal place of business in New York, New York.  During the time period covered by this Complaint, Sandoz engaged in the business of manufac-turing and marketing brand name prescription drugs throughout the United States, including, but not limited to, Clozaril, DynaCirc, Fiorinal, Parlodel, Restoril, Sand-immune, Tavis, Tavist-D, and Viskin.

165.   Defendant **SCHERING CORPORATION** ("Schering") is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Kenilworth, New Jersey.  Schering manufactures and sells certain brand name prescription drugs in various parts of the United States, including the drugs K–Dur, Nitro–Dur, Normodyne, Proventil, Theo–Dur, Vacenase, Vancenase AQ, and

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 37
P4362EJA.HES-F010495

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

Vanceril. Schering sells these and other drugs throughout the United States, including in this judicial district.

166. Defendant SCHERING-PLOUGH CORPORATION ("Schering-Plough") is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Madison, New Jersey. Schering-Plough owns and controls Schering Corporation, which manufactures and sells certain brand name prescription drugs in various parts of the United States, including, but not limited to, the drugs K-Dur, Nitro-Dur, Normodyne, Proventil, Theo-Dur, Vacenase, Vancenase AQ, and Vanceril. Schering sells these and other drugs throughout the United States, including in this judicial district.

167. Defendant SMITHKLINE BEECHAM CORPORATION ("SmithKline") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Philadelphia, Pennsylvania. SmithKline sells numerous brand name prescription drugs, including, but not limited to, the drugs Relafen and Tagament. SmithKline sells brand name prescription drugs throughout the United States including in this judicial district.

168. Defendant THE UPJOHN COMPANY ("Upjohn") is a Delaware corporation with its principal place of business in Kalamazoo, Michigan. During the time period covered by this Complaint, Upjohn engaged in the business of manufacturing and marketing brand name prescription drugs throughout the United States, including, but not limited to, Ansaid, Halcion, Micronase, Motrin, Provera, Rogaine, and Xanax.

169. Defendant WARNER-LAMBERT COMPANY ("Warner-Lambert") is a Delaware corporation with its principal place of business in Morris Plains, New Jersey. During the time period covered by this Complaint, Warner-Lambert engaged in the business of manufacturing and marketing brand name prescription drugs throughout the

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 38
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

United States, including the drugs Dilantin, Loestrin FE, Lopid, Nitrostat, and Procan SB.

170.    Defendant ZENECA, INC., formerly known as ICI Americas, Inc. ("Zeneca"), is a Delaware corporation with its principal place of business in Wilmington, Delaware.  During the time period covered by this Complaint, Zeneca engaged in the business of manufacturing and marketing brand name prescription drugs throughout the United States including, but not limited to, Elavil, Nolvadex, Tenoretic, Tenorim, and Zestril.

171.    The defendants identified in Paragraphs 95 through 120 above are hereinafter sometimes referred to collectively as the "Manufacturer Defendants."

172.    Defendant MEDCO CONTAINMENT SERVICES, INC., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Montvale, New Jersey.  Medco Containment Services, Inc., through its wholly owned subsidiaries, defendants National Pharmacies, Inc. and PAID Prescriptions, Inc. (hereinafter collectively "Medco"), operates a mail-order pharmacy that competes with Plaintiffs for the sale of brand name prescription drugs throughout the United States, including in this judicial district.

173.    Defendant CAREMARK, INC. ("Caremark"), is a corporation organized and existing under the laws of the State of California, with its principal place of business in Arlington, Texas.  Defendant Caremark operates a mail-order pharmacy that competes with Plaintiffs for the sale of brand name prescription drugs throughout the United States, including in this judicial district.

174.    Defendant J. C. PENNEY COMPANY, INC., d/b/a Express Pharmacy Services ("Express Pharmacy"), is a Delaware corporation with its principal place of business at 100 Delta Drive, Pittsburg, Pennsylvania.  Defendant Express Pharmacy operates

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 39
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

a mail-order pharmacy that competes with Plaintiffs for the sale of brand name prescription drugs throughout the United States, including in this judicial district.

### III. STATEMENT OF FACTS

**A.     Trade and Commerce**

175.    The trade and commerce relevant to this action is in the sale of brand name prescription drugs.  During the relevant time period, Manufacturer Defendants and their co–conspirators manufactured and sold brand name prescription drugs in each of the 50 states and throughout the United States.

176.    During the relevant time period, the defendants and their co–conspirators sold and shipped substantial quantities of brand name prescription drugs in a continuous and uninterrupted flow of interstate commerce to customers located in states other than the states in which said brand name prescription drugs were manufactured.  Defendants also regularly received payment for brand name prescription drugs across state lines.

177.    Plaintiffs purchase defendants' brand name prescription drugs directly from defendants and through defendants' distributors who are often referred to as "wholesalers."

178.    Plaintiffs resell defendants' brand name prescription drugs to those that need them.  In reselling such drugs, plaintiffs compete with others who have also acquired such drugs directly from defendants or through defendants' distributors.  Plaintiffs' competitors include other independent pharmacies, drug store chains (including drug stores operated by grocery stores and others), mail-order pharmacies (which sell defendants' brand name prescription drugs by mail), and HMO pharmacies (which provide defendants' brand name prescription drugs to their members and others).

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 40
P4362EJA.HES-F010495

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

179.   The nature and extent of the contracts and arrangements between defendants and their distributors is such that purchases through wholesalers are for all practical purposes direct purchases from defendants.  The contracts and arrangements between defendants and their distributors permit the defendants to effectively control to whom the distributors distribute defendants' brand name prescription drugs and at what prices.

B.   **Third-Party Plans**

180.   Many public and private employers provide health benefits plans that cover some or all of the cost of prescription drugs for their present and former employees (and, in most cases, members of their immediate families).  Similarly, insurance companies and certain types of HMOs offer plans that cover some or all of the cost of prescription drugs for those who purchase the insurance or enroll in the HMOs.  These benefit plans, insurance policies, and HMOs that cover the cost of prescription drugs are commonly referred to as "third-party plans," in that the plans cover payments to "third-party" providers of medical goods and services.  Millions of people nationwide have some or all of the cost of their prescription drugs covered by third-party plans.

181.   Plaintiffs compete to convince consumers and their employers to purchase their brand name prescription drugs from plaintiffs as opposed to an HMO or third-party plan; with respect to consumers affiliated with an HMO or third-party plan, plaintiffs compete to be such consumers' brand name prescription drug provider under the terms of such HMO or third-party plan.

182.   The sponsors of third-party plans, alone or in conjunction with administrators that they hire to administer the plans, frequently select a preferred source or sources from which participants in a plan may obtain prescription drugs.  This is particularly important for so-called "maintenance drugs" which are those prescription drugs that are designed to treat chronic, long-term health problems, as opposed to acute, short-term

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 41
P4362EJA.HES-F010495

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

health problems.  For example, drugs designed to combat ulcers, hypertension, and diabetes are sometimes referred to as maintenance drugs, while those designed to combat influenza, bronchitis, and temporary severe pain are sometimes referred to as "acute-care drugs."

183.   Once a plan sponsor or plan administrator designates the source or sources that will provide prescription drugs under the terms of a third-party plan, the plan generally covers some or all of the cost of drug prescriptions for a plan participant only if that participant has the prescription filled by the designated providers.  Alternatively, a plan sponsor or plan administrator may establish co-payment or reimbursement rates that are substantially more favorable to a plan participant if that participant has the prescription filled by the designated provider.  The participant incurs far greater costs by filling the prescription at a local drugstore or pharmacy that is not a designated provider.

184.   Typically a plan participant is issued an identification card that he or she must present to the designated provider.  The designated provider fills the prescription and then receives payment from the plan sponsor or plan administrator in the amount negotiated between the designated provider and the plan sponsor/administrator.

185.   The sponsors of third-party plans select the entities that will provide maintenance drugs to plan participants based principally on price.  In some instances, the plan sponsors select only a single entity to provide all of the maintenance drugs for all of the participants in the plan.

186.   In addition to plans that require participants to obtain drugs from a single entity, many third-party plans offer plan participants a choice of maintenance drug providers.

187.   Because the sponsors of these third-party plans are sensitive to price differentials, the sponsors often create financial disincentives for plan participants to choose to have their maintenance drug prescriptions filled by designated providers.  Plan sponsors

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 42
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

often require plan participants to pay some portion of the prescription cost (called a "co-payment") and/or to satisfy a deductible if they have their prescriptions filled by a source that is not a designated provider.  Plan sponsors in such cases allow plan participants to make lower co-payments (or no co-payments at all) and/or waive the deductible if the prescriptions are filled by a particular designated provider.

188.    The plan participants, like the plan sponsors themselves, are also sensitive to price differentials.  This is particularly true for purchasers of so-called maintenance drugs.  As a result where they have a choice they will usually select a designated provider over another competing source and will usually select between two or more competing designated providers based on their relative prices.

189.    Plaintiffs compete to be designated as prescription drug providers to third-party plans, *i.e.*, to provide maintenance drugs to consumers whose purchases are covered under third-party plans.  Plaintiffs' competitors for these sales include, but are not limited to, other drugstores and pharmacies, as well as "mail-order pharmacies" and HMO outlets or HMO pharmacies.

### C.   <u>Mail-Order Pharmacies</u>

190.    Mail-order pharmacies receive prescriptions from customers through the mail and fill those prescriptions by dispensing the drugs to customers through the mail. Each of the Manufacturer Defendants has sold prescription drugs to mail-order pharmacies in interstate commerce at substantial discounts (and/or with substantial rebates) from the price contemporaneously charged by that Manufacturer Defendant to plaintiffs (and/or to wholesale distributors that supply drugs to plaintiffs) for the same drugs. These discriminatory prices and/or rebates are not justified by any differing methods or quantities in which such drugs are sold or by any cost differences.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 43
P4362EJA.HES-F010495

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

191.   Plaintiffs compete with mail-order pharmacies for the sale of brand name prescription drugs to consumers.  As a result of the favorable discriminatory prices charged to mail-order pharmacies by the Manufacturer Defendants, plaintiffs have lost sales to consumers and have had to cut their prices in response to the unfair competitive advantage enjoyed by the mail-order pharmacies.

192.   As a result of the favorable, discriminatory prices charged to mail-order pharmacies by the Manufacturer Defendants, those mail-order pharmacies have been able to underbid plaintiffs in the competition for selection as the sole provider of maintenance drugs to third-party plans.

193.   As a result of the favorable, discriminatory prices charged to mail-order pharmacies, the Manufacturer Defendants have also caused plaintiffs to artificially lose sales where plaintiffs have been selected as one of more than one designated providers. For example, a particular plan may permit plan participants to have maintenance drug prescriptions filled by plaintiffs, by other drugstores, and by a mail-order pharmacy.  As a result of the favorable discriminatory prices charged to mail-order pharmacies by the Manufacturer Defendants, those mail-order pharmacies can and do dispense the drugs to plan participants at prices below those offered by the plaintiffs.  The Manufacturer Defendants' discriminatory prices thus cause plaintiffs to lose significant sales when both a mail-order pharmacy and plaintiffs are selected as providers under a plan, thereby preventing plaintiffs from competing effectively for the prescription business of plan participants.

194.   As a result of the favorable discriminatory prices charged to mail-order pharmacies by the Manufacturer Defendants, plan sponsors are able to set the reimbursement price at a level that, in many instances, is at or below plaintiffs' cost of acquiring the drugs.  Consequently, plaintiffs are often economically foreclosed from bidding to become providers of maintenance drugs to those plans.  In other instances,

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 44
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

plaintiffs agree to provide drugs to the plan participants, but plaintiffs lose profits on those sales because the reimbursement level set by the plan sponsor--which is a result of the favorable, discriminatory prices charged to the mail-order pharmacies by the Manufacturer Defendants--are below the levels that would otherwise prevail.

### D.   HMO Pharmacies

195.   HMOs provide brand name prescription drugs to their participants in several ways.  In some cases an HMO functions like a third-party plan with the HMO paying for, or reimbursing subscribers for, the cost of brand-name prescription drugs obtained from an approved supplier.

196.   In other cases an HMO may operate its own pharmaceutical outlet from which it dispenses prescription drugs to its subscribers (and, in some instances, to others).

197.   The Manufacturer Defendants sell their brand name prescription drugs to HMO outlets at prices that are discriminatorily lower than the prices at which plaintiffs are permitted to buy the same brand name prescription drugs.  The Manufacturer Defendants also provide HMO outlets with terms and conditions, including services and rebates, not offered to plaintiffs.  The discriminatorily lower prices, and the discriminatory terms and conditions, offered HMO pharmacies are not justified by any differing methods or quantities in which such drugs are sold or by any cost differences.

198.   The discriminatorily lower prices, and the discriminatory terms and conditions, offered HMO pharmacies unfairly discriminate against plaintiffs and cause plaintiffs to lose sales in competition with HMO outlets.

199.   Plaintiffs have also suffered damage as a result of the lower prices that they have been required to charge.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 45
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

E.    **The Role of Defendants' Distributors or "Wholesalers"**

200.    HMOs, mail-order pharmacies, and others which operate pharmaceutical outlets and purchase brand-name prescription drugs manufactured by the Manufacturer Defendants at much lower prices than the prices at which the same drugs are sold to plaintiffs, are sometimes referred to herein as "Favored Purchasers"; hospitals and nursing homes also purchase brand name prescription drugs manufactured by the Manufacturer Defendants from wholesale distributors at similarly low prices.

201.    In some cases Favored Purchasers, like plaintiffs, buy directly from Defendant Manufacturers.  In other cases Favored Purchasers, like plaintiffs, buy from Defendant Manufacturers through their distributors.  In either case, Defendant Manufacturers, through contracts, combinations, and/or conspiracies with their distributors, control the prices, terms, and conditions offered.

202.    The Manufacturer Defendants have entered into agreements with wholesale distributors concerning the price at which those distributors will sell that manufacturer's brand name prescription drugs to Favored Purchasers.  Pursuant to this arrangement, each of the Manufacturer Defendants has agreed with Favored Purchasers as to the price at which the Favored Purchaser will be permitted to purchase that defendants' brand name prescription drugs from a wholesale distributor.  These agreements provide that the Favored Purchasers may purchase the defendant's brand name prescription drugs at substantial discounts below the price at which the defendant sells the same brand name prescription drugs to plaintiffs.

203.    The Manufacturer Defendants have, in turn, agreed with the wholesaler distributors that:

a.    The wholesale distributors will charge to the Favored Purchasers the discounted prices negotiated between the Manufacturer Defendants and the Favored Purchasers;

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 46
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

b.      When the Favored Purchasers purchase drugs from the wholesale distributors (at the price agreed to by the Manufacturer Defendants), the wholesale distributors will fill the orders from their inventory which they have previously acquired from the Manufacturer Defendants;

c.      The Manufacturer Defendants will thereafter pay the wholesale distributor the difference between the amount that the distributor paid the Manufacturer Defendant for the drugs and the discounted amount (negotiated between the Manufacturer Defendant and the Favored Purchaser) at which the distributor sold the drugs to the Favored Purchaser, plus a fee.

204.    Because the prices negotiated between the Manufacturer Defendants and the Favored Purchasers are below the wholesalers' normal costs of acquiring the drugs from the Manufacturer Defendants, the wholesalers are economically foreclosed from selling the drugs to the Favored Purchasers except through the arrangements dictated by the Manufacturer Defendants.

205.    Through the mechanics of these agreements, the Manufacturer Defendants have arranged for Favored Purchasers including HMO pharmacies--both for–profit and not-for-profit outlets--to purchase the Manufacturer Defendants' brand name prescription drugs at prices that are significantly below the prices at which the Manufacturer Defendants sell the same drugs to plaintiffs (and/or to wholesale distributors that supply drugs to plaintiffs).  The prices at which the Favored Purchasers including HMO pharmacies purchase the drugs are set by the Manufacturer Defendants, not by the wholesale distributors.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 47
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

**F.    The Discriminatory Effect of Defendants' Pricing**

206.    Plaintiffs compete with Favored Purchasers, including mail-order pharmacies and HMO pharmacies, for sales of defendants' brand-name prescription drugs to consumers.

207.    Plaintiffs have lost, and continue to lose, sales to consumers as a result of the joint and several conduct of the Manufacturer Defendants in charging discriminatorily favorable prices to Favored Purchasers.

208.    The favorable, discriminatory prices made available by the Manufacturer Defendants to Favored Purchasers are not justified by any differing methods of quantities by which, or quantities in which, drugs are sold.

209.    As a result of the favorable, discriminatory prices charged to mail-order pharmacies and other Favored Purchasers by the Manufacturer Defendants, those Favored Purchasers are currently able to under-sell plaintiffs and others on brand name prescription drugs purchased from the Manufacturer Defendants.

210.    The discriminatory prices and/or rebates described above have caused and continue to cause significant harm not only to plaintiffs, but also to the consuming public. The Manufacturer Defendants' exclusion of plaintiffs and other drugstores from the favorable prices enjoyed by mail-order pharmacies, HMO pharmacies, and other Favored Purchasers has insulated such Favored Purchasers from the vigorous competition that they would otherwise face from plaintiffs and others.

**G.    Defendants' Joint Action**

211.    Manufacturer Defendants acted in parallel and pursuant to agreements establishing and adhering to the discriminatory pricing structure described above. Indeed, the success and viability of that pricing structure was dependent on the mutual agreement and adherence of multiple manufacturers--no single manufacturer would have

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 48
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

found the pricing structure in the form adopted to be in its unilateral self-interest in the absence of such mutual adherence.

212.   In establishing, and adhering to, their discriminatory pricing structure, Defendant Manufacturers each acted pursuant to their mutual understanding that other such manufacturers would employ such a pricing structure.

213.   In order to implement and facilitate their mutual understanding, Manufacturer Defendants adopted a number of facilitating devices and actions, including the structured exchange of pricing information, common distribution agreements, and the establishment of a price structure designed to facilitate mutual adherence.

214.   The adverse discriminatory effect of defendants' imposition and maintenance of their price structure is aggravated by the increasing importance of HMOs, health insurance plans, and efforts to reduce medical costs.

## H.   Patents, Formularies, and Conversion Services

215.   Through webs of patents, acquisitions, and "conversion" schemes, among others, the Manufacturer Defendants have been able to (i) insulate themselves from competition; (ii) increase their profit margins by raising their prices on existing products; (iii) exclude products of independent generic manufacturers from formularies; (iv) gain control over formularies, and (v) acquire or otherwise take control of entities (HMOs, pharmacy benefit managers ["PBMs"], and other health care providers) which either have formularies or are in a position to enforce "conversion services."

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 49
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

216.   Typically, patented drugs are covered by multiple patents which may be granted for new drug entities, dosage forms, drug uses, and manufacturing processes. Since the patents are issued at different times, by clustering patents with overlapping scope, a Manufacturer Defendant can extend by many years the normal 17-year life of the original drug patent.  Drug patents, coupled with aggressive advertising and extensive, expensive, marketing create vast leverage over the market.

217.   The vast majority of the top selling prescription drugs in the United States are manufactured by the Manufacturer Defendants.  Each of these drugs has been the subject of one or more patents.  Although some of the patents have expired, a substantial majority of the top selling drugs are still protected by patents, some of which will not expire until well after the year 2000.  New patents involving these same drugs may hereafter be granted which could extend the patent protection well into the second quarter of the next century.

218.   The fact that Manufacturer Defendants own the patents on nearly all of the top selling drugs still under patent, plus those in the pipeline, gives them the market control, which they exercise as a group and in lockstep, to refuse to extend to the plaintiffs and their buying groups the discounts the Manufacturer Defendants routinely grant to PBMs, HMOs, hospitals and mail-order pharmacies which have restrictive formularies or whom the Manufacturer Defendants know to be able to effect "conversion services."

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 50

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

219.   Given the Manufacturer Defendants' dominant patent position and over-whelming market share, the plaintiffs have no alternate source. The patents preclude others from entering the market to cure anti-competitive behavior. The patents also facilitate the group boycott. The group boycott would be far less stable, if not impossible, without the patents. The group boycott, in turn, facilitates the Manufacturer Defendants' price discrimination which but for the patents could be defeated in various ways. Entry of competitors, arbitrage, and other normal market forces which would defeat group boycotts and price discrimination are blocked by the patents and the actions in concert of the Manufacturer Defendants.

220.   Since many of the Manufacturer Defendants own captive generic manufac-turers, gaining control of formularies not only gives the Manufacturer Defendant the power to place its branded drugs on the formularies, it also gives the Manufacturer Defendant the ability to exclude generic drugs produced by other generic manufacturers.

221.   The most pernicious of all of the Manufacturer Defendants' schemes are the so-called "conversion services" or "therapeutic interchange programs."  Under the conversion schemes, when patients present prescriptions for drugs not on the formulary, they are told that those drugs are not available to them and that the prescriptions must be "converted" to drugs which are available, lest they be denied their benefits or com-pelled to pay higher prices. Their doctors are then contacted to gain permission to con-

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 51
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

vert the prescriptions to the drugs that are on the formularies.  All conversions are to competitive pharmaceuticals which the provider can purchase at a contracted discount or with respect to which the provider will be paid a rebate, bribe or kickback.  While the physicians may be told that the conversion will save the patient and/or the payor money, the actual savings, if any, to the patient may be only minimal.  The patient is never told the sole motivation for the conversion is purely economic on the part of the pharmacy benefit provider.  The Manufacturer Defendants have typically paid substantial sums of money or have deeply discounted prices to those parties who will cooperate in these conversion schemes.  Conversion schemes are little more than consumer fraud.

222.   These practices permeate the market.  They result in increased costs for prescription drugs for the poor, the elderly, and all those who for one reason or another may not be eligible for pharmacy benefits.  These practices violate consumer protection laws, the Medicare and Medicaid anti-kickback law, and the Robinson-Patman Act, to name a few.  They are destructive of normal competitive forces.  The practices are continuing to destroy the independent retail pharmacists.  An order compelling the Manufacturer Defendants to license their patents at reasonable royalty rates to any and all *bona fide* applicants will open to competition the market, cure the ill effects of the illegal conduct, and assure the public freedom from continuance of the practices.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 52

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

**CLAIMS FOR RELIEF**

**COUNT I**

(Claim Under Section 2(a) of the Robinson-Patman Act
against the Manufacturer Defendants)

223.    Plaintiffs incorporate by reference the averments of paragraphs 1 through 172 above.

224.    This count arises under Section 2(a) of the Robinson-Patman Act, 15 U.S.C. § 13(a), and is asserted by all plaintiffs against the Manufacturer Defendants. The Manufacturer Defendants' conduct in selling the same brand name prescription drugs to plaintiffs at a high price and to Favored Purchasers at a much lower price substantially lessens competition and damages plaintiffs. The Manufacturer Defendants' price discrimination prevents plaintiffs and other similarly situated pharmacies from effectively competing with Favored Purchasers. Defendants' conduct is not justified by any legitimate considerations. On the contrary, defendants' price discrimination has the purpose and effect of permitting defendants to limit competition among themselves and to sell their products to Plaintiffs at prices substantially above competitive levels.

**WHEREFORE,** under this Count I, plaintiffs pray for an Order:

a.    Declaring that the Manufacturer Defendants' price discrimination in the sale of brand name prescription drugs is unlawful under Section 2(a) of the Robinson-Patman Act, 15 U.S.C. § 13(a);

b.    Permanently enjoining the Manufacturer Defendants from unlawful price discrimination in the sales of brand name prescription drugs by selling such drugs to plaintiffs (and/or to distributors that supply drugs to plaintiffs) at prices above the prices at which the Manufacturer Defendants make the same drugs available to HMO pharmacies and mail-order pharmacies;

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 53

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

c.   Awarding to plaintiffs three-fold the damages sustained by them as a result of the unlawful price-discrimination of the Manufacturer Defendants;

d.   Granting to plaintiffs the costs of suit, interest, and reasonable attorneys' fees; and

e.   Granting to plaintiffs such other and further relief as may be appropriate in the circumstances.

<u>COUNT II</u>

(Claim Under Section 2(d) of the Robinson-Patman Act
Against the Manufacturer Defendants)

225.   Plaintiffs reaver and incorporate herein by reference the averments of Paragraphs 1 through 172 and 174 above.

226.   This count arises under Section 2(d) of the Robinson-Patman Act, 15 U.S.C. § 13(d), and is asserted by all plaintiffs against the Manufacturer Defendants.

227.   In addition to providing the discriminatory prices and/or rebates described above, the Manufacturer Defendants permit Favored Purchasers, including mail-order pharmacies, to obtain even further discounts or rebates in exchange for providing so-called "conversion services" to these defendants.  In exchange for a mail-order pharmacy's agreement to increase its percentage sales of the Manufacturer Defendants' brand name prescription drugs, defendants have provided, and continue to provide, special discounts and/or rebates to Favored Purchasers for converting customers to defendants' brand name prescription drugs and increasing such Favored Purchaser's percentage sales of the defendant's drugs.

228.   For example, defendant SmithKline entered into an arrangement with mail-order pharmacy defendant Medco whereby Medco agreed to actively market Smith-Kline's ulcer drug (Tagamet) in preference to a competing ulcer drug (Glaxo's Zantac).

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 54
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

In exchange for Medco increasing its percentage sales of Tagamet, SmithKline gave to Medco substantial further discounts and/or rebates in addition to those described above.

229.    Despite demand, the Manufacturer Defendants have failed and refused, and continue to fail and refuse, to offer plaintiffs the opportunity to provide conversion services in exchange for discounts or rebates and/or to provide conversion services upon the same terms as those offered to mail-order pharmacies and other Favored Purchasers.

230.    The Manufacturer Defendants' provision of discounts and rebates to Favored Purchasers in exchange for conversion services, coupled with such Manufacturer Defendants' concerted refusal to offer plaintiffs the opportunity to provide conversion service in exchange for discounts and/or rebates, has caused plaintiffs to lose sales, revenues, and profits because of their competitive disadvantage to Favored Purchasers with whom plaintiffs compete; and has insulated Favored Purchasers such as mail-order pharmacies from vigorous competition.

231.    Thus, by limiting access to conversion services to Favored Purchasers such as mail-order pharmacies, the Manufacturer Defendants have lessened competition at the manufacturer level as well as at the retail level.  The result is that the consuming public, those who buy from mail-order pharmacies as well as those who buy from drugstores, pay more for brand name prescription drugs, particularly maintenance prescription drugs, than they would pay if the plaintiffs and other non-mail-order pharmacies were permitted to compete on a level playing field.

WHEREFORE, under this Count II plaintiffs pray for an Order:

a.    Declaring that the Manufacturer Defendants' provision of discounts, rebates, and/or other consideration to Favored Purchasers in exchange for conversion services, coupled with such Manufacturer Defendants' concerted refusal to offer such discounts, rebates, and/or other consideration to plaintiffs in exchange for conversion services with respect to the brand name prescription drugs that

FIRST AMENDED COMPLAINT ADDING ADDITIONAL PLAINTIFFS AND DuPONT MERCK PHARMACEUTICAL COMPANY AS DEFENDANT: 55

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

both plaintiffs and Favored Purchasers purchase from the Manufacturer Defendants and their distributors, is unlawful under Section 2(d) of the Robinson-Patman Act, 15 U.S.C. § 13(d);

b.      Permanently enjoining the Manufacturer Defendants from their discriminatory refusal to offer the discounts, rebates, and/or other consideration in exchange for conversion services to plaintiffs, which the Manufacturer Defendants provide to Favored Purchasers such as mail-order pharmacies;

c.      Awarding to plaintiffs three-fold the damages sustained by them as a result of the unlawful conduct of the Manufacturer Defendants;

d.      Granting to plaintiffs the costs of suit, interest, and reasonable attorneys' fees; and

e.      Granting to plaintiffs such other and further relief as may be appropriate in the circumstances.

## COUNT III

(Claim Under Section 2(f) of the Robinson-Patman Act
Against Defendants Medco, Caremark, and Express Pharmacy)

232.    Plaintiffs reaver and incorporate herein by reference the averments of Paragraphs 1 through 172, 174, and 176 through 181 above.

233.    This count arises under Section 2(f) of the Robinson-Patman Act, 15 U.S.C. § 13(f), and is asserted by all plaintiffs against defendants Medco, Caremark, and Express Pharmacy.

234.    Defendants Medco, Caremark, and Express Pharmacy compete with plaintiffs in interstate commerce for sales of brand name prescription drugs, including particularly maintenance prescription drugs.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 56
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

235.   Upon information and belief, defendants Medco, Caremark, and Express Pharmacy have knowingly induced and/or received from manufacturers of brand name prescription drugs discriminatory prices and/or rebates which are prohibited by Section 2(a) of the Robinson-Patman Act, 15 U.S.C. § 13(a).

236.   Defendants Medco, Caremark, and Express Pharmacy have knowingly induced and/or received from numerous manufacturers, including the Manufacturer Defendants, maintenance drugs at substantial discounts (and/or with substantial rebates) from the prices charged by those same manufacturers to plaintiffs (and/or to wholesale distributors that supply drugs to plaintiffs) for the same drugs.  These discriminatory prices and/or rebates are not justified by any differing methods or quantities in which such drugs are sold.

237.   Defendant Medco's, defendant Caremark's, and defendant Express Pharmacy's unlawful conduct has caused, and continues to cause, harm to plaintiffs, including losses of sales, revenues, and profits caused by plaintiffs' resulting competitive disadvantage.

**WHEREFORE**, under this Count III plaintiffs pray for an Order:

a.   Declaring defendant Medco's, defendant Caremark's, and defendant Express Pharmacy's practice of knowingly inducing and/or receiving from manufacturers prices net of rebates for brand name prescription drugs, particularly maintenance prescription drugs, below those at which those manufacturers sell the same drugs to plaintiffs (and/or to wholesale distributors that supply drugs to plaintiffs) is unlawful under Section 2(f) of the Robinson-Patman Act, 15 U.S.C. § 13(f);

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 57
P4362EJA.HES-F010495

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

b.     Permanently enjoining defendants Medco, Caremark, and Express Pharmacy from knowingly inducing and/or receiving from manufacturers prices net of rebates for brand name prescription drugs below those at which those manufacturers sell the same drugs to plaintiffs (and/or to wholesale distributors that supply drugs to plaintiffs);

c.     Awarding to plaintiffs three-fold the damages sustained by them as a result of the unlawful conduct of defendants Medco, Caremark, and Express Pharmacy;

d.     Granting to plaintiffs the costs of suit, interest, and reasonable attorneys' fees; and

e.     Granting to plaintiffs such other and further relief as may be appropriate in the circumstances.

## COUNT IV

(Claim Under Section 1 of the Sherman Antitrust Act
Against the Manufacturer Defendants)

238.   Plaintiffs reaver and incorporate by reference the averments of Paragraphs 1 through 172, 174, 176 through 181, and 183 through 187 above.

239.   This count arises under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, and is asserted by all plaintiffs against the Manufacturer Defendants.

240.   Manufacturer Defendants' concerted refusal to offer plaintiffs the prices, terms, and conditions offered to Favored Purchasers, including HMO pharmacies and mail-order pharmacies, and their agreements with distributors implementing such refusals, pursuant to which such distributors were effectively precluded from offering certain prices, terms, and conditions to plaintiffs, constitutes an unlawful combination and/or agreement or group boycott in violation of Section 1 of the Sherman Act.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 58

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

241.  Manufacturer Defendants' agreements among themselves and with their distributors concerning the prices, terms, and conditions that will be charged to plaintiffs and other independent pharmacies also constitute unlawful price-fixing combinations and/or agreements in violation of Section 1 of the Sherman Act.

242.  The vertical combinations and agreements asserted herein were entered into in conjunction with, and in facilitation of, the horizontal combinations and agreements asserted herein.

243.  The charge-back agreements entered into between the Manufacturer Defendants and wholesaler distributors as to sales of brand name prescription drugs to Favored Purchasers and the agreements not to offer comparable prices to plaintiffs are unlawful under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1.

244.  The concerted action between and among the Manufacturer Defendants in refusing to extend to plaintiffs the discounted prices that those defendants have extended to Favored Purchasers is also unlawful under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1.

245.  The concerted action between and among the Manufacturer Defendants, and the agreements between Manufacturer Defendants and their distributors, precluding distributors from engaging in arbitrages are also unlawful under Section 1 of the Sherman Antitrust Act, 15, U.S.C. § 1.

**WHEREFORE,** under this Count IV plaintiffs pray for an Order:

a.  Declaring that the concerted action by Manufacturer Defendants in refusing to offer certain advantageous prices, terms, and conditions to plaintiffs is an unlawful group boycott and violates Section 1 of the Sherman Act;

b.  Declaring that the agreements between Manufacturer Defendants and their distributors precluding distributors from offering certain advantageous

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 59
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

prices, terms, and conditions to plaintiffs is an unlawful group boycott and violates Section 1 of the Sherman Act;

c.    Declaring that the agreements among the Manufacturer Defendants and between the Manufacturer Defendants and their distributors as to what prices, terms, and conditions will be offered plaintiffs are unlawful price-fixing agreements and violate Section 1 of the Sherman Act;

d.    Awarding to plaintiffs three-fold the damages sustained by them as a result of the unlawful conduct of the Manufacturer Defendants;

e.    Granting to plaintiffs the costs of suit, interest, and reasonable attorneys' fees; and

f.    Granting to plaintiffs such other and future relief as may be appropriate in the circumstances.

## COUNT V

(Claim Under Section 1 of the Sherman Act and
Sections 2(a), 2(d) and 16 of the Clayton Antitrust Act
Against the Manufacturer Defendants)

246.    Plaintiffs reaver and incorporate by reference the averments of Paragraphs 1 through 172, 174, 176 through 181, 183 through 187, and 189 through 195 above.

247.    This count arises under Section 1 of the Sherman Act, 15 U.S.C. § 1 and Sections 2(a), 2(d), and 16 of the Clayton Antitrust Act, 15 U.S.C. §§ 13(a), 13(d) and 26 and is asserted by all plaintiffs against the Manufacturer Defendants.

248.    As a result of the Manufacturer Defendants' actions and violations of the antitrust laws of the United States, plaintiffs have suffered financial losses in the past and continue to suffer financial losses by being charged disproportionate prices for drugs they purchase from the Manufacturer Defendants.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 60

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

249.   The price discrimination and monopolistic behavior arising from the Manufacturer Defendants' unlawful activities as more fully described above is expressly prohibited by the antitrust laws of the United States; and the effects of these unlawful activities (*i.e.*, the disproportionate prices charged the plaintiffs, the losses suffered thereby, and the harm to competition) are exactly those which the antitrust laws are designed to prevent.

250.   The Manufacturer Defendants have refused to discontinue their practice of price discrimination and other monopolistic behavior and continue to this very day to charge Plaintiffs grossly disproportionate prices.  As such, injunctive relief is necessary to ensure that the practices of the Manufacturer Defendants are discontinued and will never be reimplemented.

251.   Because the Manufacturer Defendants have wholly failed to discontinue these practices there is a reasonable likelihood that the violations will occur in the future.

252.   The losses plaintiffs have suffered flow directly from: (1) the Manufacturer Defendants' concerted refusals to offer plaintiffs the prices, terms, and conditions offered to favored purchasers; and (2) the agreements reached between the Manufacturer Defendants and the distributors that implement these refusals.

253.   The patents issued to the Manufacturer Defendants by the United States government facilitate the Manufacturer Defendants' violation of the antitrust laws by allowing the defendants to prevent competitors from manufacturing similar or identical drugs and then selling those same drugs at reasonable prices to the plaintiffs.

254.   The combination of the rights of exclusivity granted by the patents and the unlawful group behavior of the Manufacturer Defendants has precluded the ability of other drug manufacturers to enter the market, thereby harming competition.

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 61

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

255.    These patents gave and continue to give the Manufacturer Defendants the economic leverage to coerce and otherwise pressure plaintiffs into accepting their exorbitant pricing scheme.

256.    By economically coercing plaintiffs in the ways described above the Manufacturer Defendants have correspondingly harmed the public interest by artificially inflating the end cost of pharmaceuticals making them less readily available to prospective purchasers who have little economic or purchasing power.

257.    In the present case the unlawful activities of the Manufacturer Defendants in conspiring against plaintiffs have allowed the Manufacturer Defendants to evade normal and necessary market constraints.  The end result is a harm to competition resulting in grossly inflated prices for pharmaceutical drugs.

258.    The only means available to eradicate this unlawful scheme and prevent such a situation from happening in the future is to require the Manufacturer Defendants to sell their drugs on reasonable and non-discriminatory terms and to grant patent licenses at reasonable royalty rates to all bona fide applicants.

**WHEREFORE**, under this Count V plaintiffs pray for an Order:

a.    Directing that the Manufacturer Defendants license each and every one of their past, present, and future patents for brand name prescription drugs to any and all applicants on non-discriminatory and reasonable terms and conditions;

b.    Granting to the plaintiffs the costs of suit and reasonable attorney's fees; and

c.    Granting to plaintiffs such other and further relief as may be appropriate in the circumstances.

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

1

## JURY DEMAND

2      Plaintiffs demand trial by jury on all claims for which there is a right to a jury

3  trial.

4      **DATED** this ___4___ day of January, 1995.

5                                    LUKINS & ANNIS, P.S.

6

7

8  By: _____

9                                    WILLIAM D. HYSLOP

                                    WSBA No. 11256

10

11

12  By: _____

13                                    H. E. STILES, II

                                    WSBA No. 00680

14

15                                    Attorneys for Plaintiffs

16

**OF COUNSEL:**

17

18  Mary Boies

19  Federal ID #8071

    Mary Boies & Associates

20  Empire Building, Suite 5

21  P.O. Drawer 67

22  Bedford, New York 10506

23  (914) 234-3700 (Telephone)

    (914) 234-6219 (Telecopy)

24

25  William F. Duker

26  Dunker & Barrett

    1585 Broadway, 19th Floor

27  New York, New York 10036

28  (212) 969-5600 (Telephone)

29  (212) 969-5650 (Telecopy)

30

31

FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 63

P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555

1
2   M. Brice Ladson
3   Bouham, Williams & Levy
    P.O. Box 2139
4   Savannah, Georgia 31498
5   (912) 236-2491 (Telephone)
6   (912) 233-0811 (Telecopy)

7   John Gregory Odom
8   Law Offices of John Gregory Odom
9   35th Floor, Place St. Charles
    201 St. Charles Avenue
10  New Orleans, Louisiana 70170
11  (504) 522-0077 (Telephone)
12  (504)522-0078 (Telecopy)

13  Mark S. Armstrong
14  Federal ID #14497
15  Calvin, Gibbs & Verner
16  1100 Louisiana, Suite 200
    Houston, Texas 77002-5210
17  (713) 244-5771 (Telephone)
18  (713) 654-8023 (Telecopy)

19

20

21

22

23

24

25

26

27

28

29

30

31

**FIRST AMENDED COMPLAINT ADDING
ADDITIONAL PLAINTIFFS AND
DuPONT MERCK PHARMACEUTICAL
COMPANY AS DEFENDANT: 64**
P4362EJA.HES-F010495

LAW OFFICES
LUKINS & ANNIS
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 WEST SPRAGUE AVENUE
SPOKANE, WASHINGTON 99204-0466
(509) 455-9555